# CITY OF ST. LOUIS, Plaintiff in Error, v. GUST COOL.

### Division Two, May 26, 1910.

1. **WIDTH OF WAGON TIRES: Invalid Ordinance: In Excess of Charter Powers.** Where the charter gives to a city the power "to regulate the width of tires of all vehicles for heavy transportation," an ordinance that undertakes to prohibit the use upon the streets of all vehicles unless they have tires of a specified width, whether they are used in heavy transportation or not, is invalid, since it is not limited to the express power granted.

2. ————: ————: ————: **Inseparable Parts.** And if the ordinance is so drawn that its invalid portions cannot be separated from its other parts, the whole is invalid and it cannot be upheld as an inhibition upon the use for heavy transportation of wagons with tires wider than the ordinance specifications.

Error to St. Louis Court of Criminal Correction.— *Hon. Hiram N. Moore*, Judge.

AFFIRMED.

*Chas. W. Bates* and *B. H. Charles* for plaintiff in error.

*Randolph Laughlin* for defendant in error.

FOX, J.—The defendant in error was convicted in the First District Police Court of the city of St. Louis, of a violation of an ordinance of said city, entitled, "An ordinance in revision of the ordinances of the city of St. Louis," being General Ordinance No. 19991, chapter 23, article 2, sections 1708 and 1710. The complaint alleged that: "In the city of St. Louis, State of Missouri, on the 15th day of June, 1905, and on divers

228 Sup—14

other days and times prior thereto, the said Gust Cool, being the owner and driver of a two-horse wagon, did then and there, and on said other days, drive and cause to be driven said vehicle from place to place, on Seventh and Olive streets, which said streets were then and there public streets of said city, and did use and cause to be used said streets for the purpose of trade and traffic, and for private purposes with said vehicle so driven as aforesaid, without first having paid for and obtained a license thereon from the city collector of said city; contrary to the ordinance in such case made and provided.''

Defendant appealed from the judgment of conviction to the St. Louis Court of Criminal Correction. The case was submitted to said court without the intervention of a jury, the parties offering and the court receiving in evidence the following stipulation, together with the documentary evidence therein described:

"The parties to the above cause hereby stipulate and agree as follows:

"This cause shall be submitted to the court as follows: The defendant will admit, and does hereby admit, the averments of fact contained in the plaintiff's complaint, statement or petition, and will rest, and does hereby rest his defense on the proposition that the ordinance on which the plaintiff's case is predicated is void for two reasons, to-wit: (1) Because it is in violation of the city charter; and (2) because it is so unreasonable and oppressive as to justify the court in declaring it void on that ground alone.''

It is then stipulated by the parties that the case should be submitted to the court upon precisely the same record as in the case of State of Missouri ex rel. St. Louis Transfer Co. v. Clifford, theretofore tried in the circuit court of said city, with the addition of the following facts:

"The axles of the wagon driven by the defendant at the time of his arrest were made of iron· or steel.

and said wagon was at the time, and still is, a delivery wagon, belonging to the St. Louis Transfer Company, and driven by the defendant as its driver, for the purpose of delivering trunks, to and from the Union Station in the city of St. Louis, the tires of which did not conform to the provisions of section 1708 of the Revised Ordinances, and on which said St. Louis Transfer Company had been refused a license for that reason. Said wagon then had, and still has, axles one and three-fourths inches in diameter, and is capable of holding and carrying a load of not to exceed three thousand pounds.''

Other facts are stated and agreed to in said stipulation, but which we do not regard as of any importance, and will therefore omit them.

The court handed down an opinion finding that the ordinance (section 1708) upon which the plaintiff's case was predicated was invalid as not being authorized by the charter of the city of St. Louis. Judgment of acquittal was accordingly entered, and the defendant discharged.

The cause comes to this court by writ of error.

Save as to the additional matter contained in the stipulation filed in the case by the parties, this case was submitted upon the same record as in the case of State of Missouri ex rel. St. Louis Transfer Co. v. P. J. Clifford, the opinion in which case is handed down at this sitting of the court, and as both cases involve the same issues and the construction of the same ordinance, the decision in the Clifford case must be held as decisive of this. The judgment is, therefore, affirmed.

All concur.